Case 4:12-cv-00268-A Document 9 Filed 10/15/12 Page 1 of 12 PageID 80

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 15 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FELTON WILSON, | § | |
| Movant, | § § § | |
| VS. | § § | NO. 4:12-CV-268-A (No. 4:09-CR-147-A-2) |
| UNITED STATES OF AMERICA | § § | |
| Respondent. | § § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Felton Wilson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant also included with the motion a supporting memorandum ("memorandum"). The government filed a response, and movant filed a traverse. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On January 15, 2010, movant pleaded guilty, pursuant to a plea agreement, to one count of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). Movant had signed a factual resume and plea agreement, stipulating that he understood his rights, the nature and the elements of the crime to which he

was pleading guilty, that he could face up to twenty years imprisonment among other potential penalties, and that his sentence would be imposed by the court after considering the United States Sentencing Guidelines as well as other factors. The factual resume and plea agreement stated that the sentencing guidelines are not binding on the court, and that the court has the discretion to impose a sentence anywhere up to the twenty-year statutory maximum. Movant was then sentenced on May 21, 2010, to 180 months imprisonment and a three-year term of supervised release, an upward departure from the guidelines but well within the statutory maximum of twenty years. His conviction and sentence were affirmed, United States v. Wilson, 424 Fed. App'x 299 (5th Cir. 2011), and movant timely filed his section 2255 petition.

II.

Grounds of the Motion

Movant asserted three grounds in his motion, alleging ineffective assistance of counsel on the part of his attorney, Danny Burns ("Burns"). He alleges that (1) Burns "failed to conduct a reasonably adequate presentence report investigation and be familiar with the facts and law of his client's case;" (2) movant did not have "a full realistic appreciation of the

2

consequences of the plea" due to Burns' deficiencies; and (3) counsel failed to perform effectively during plea negotiations. Mot. at 5-8.

### III.

### Analysis

A.  Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

B. <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. <u>Strickland</u>, 466 U.S. at 687, 697. "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential,

4

"requires that every effort be made to eliminate the distorting effects of hindsight," and requires movant to overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

    C.   None of Movant's Grounds Has Merit

        1.   First Ground for Relief

Movant first claims that Burns "failed to conduct a reasonably adequate presentence investigation and be familiar with the facts and law of [movant's] case," and, therefore, Burns' performance was ineffective. In alleging failure of counsel to investigate, movant must "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). This ground appears to center around the quantity of drugs for which movant was held responsible at sentencing, which movant believes increased the length of his sentence. Movant claims that his discussions with his attorney only involved a guideline range of 70-87 months, and claims that he "had no other reason to believe his sentence would

go beyond that term of imprisonment." Memo. at 11.

Movant refers to the factual resume, "which formed the basis of [movant's] discussion and understanding of his plea." Memo. at 10. Movant focuses on a part of the factual resume that discusses the two ounces of heroin that movant sold or attempted to sell, and argues that he should only have been responsible for those two ounces, and that his attorney failed to investigate and inform him that he could be held accountable for more. However, the factual resume, signed by movant, further states that the confidential source "observed approximately four (4) ounces of heroin lying on a table inside [the residence where movant had previously retrieved heroin]." Factual Resume, at 3-4. Thus, movant agreed to a set of facts that specifically referred to the additional four ounces of heroin. Still, movant claims that further investigation by Burns would have demonstrated that movant should not have been held accountable for the additional four ounces because the residence in which they were found was not his, even though he had admitted to selling drugs from such residence. Memo. at 15-16. Movant further contends that Burns should have objected to the use of the additional four ounces, and should have "objected to the PSR on the basis that [movant] had no agreement with [his co-defendant] to sell anything other

6

than the 2 ounces." Memo. at 16.

While movant continues complaining about Burns' failure to investigate and object, he fails to establish that he was prejudiced, that he would have achieved a different result, as required by Strickland. From the record and sentencing transcript, it is clear that the quantity of drugs was not the primary factor in determining the length of movant's sentence. The court was far more concerned with movant's extensive criminal history, and the fact that movant's prior "short sentences" did not appear to have deterred movant from continuing to commit similar crimes. See Sentencing Tr. at 8-11. There is little mention about the quantity of drugs, and much more focus on the criminal history, as the court specifically referred to movant's criminal history when making the determination to depart upward from the guidelines. Id. Plus, it was in this area that Burns attempted to persuade the court that movant should serve a shorter sentence. Burns explained that movant had made efforts to improve himself, was dedicated to being a lawful and productive citizen, that much of his prior criminal acts occurred when he was a teenager, and that the "shock of" the long state sentence he was already serving had "gotten his attention." Id. It was certainly a reasonable strategy for Burns to have focused

on mitigating movant's criminal history to advocate for a more lenient sentence rather than frivolously objecting to the quantity of drugs for which movant was held responsible.

2. <u>Second Ground for Relief</u>

Movant's next contention is that he did not have a realistic appreciation of the consequences of his plea, and, therefore it was not made knowingly, voluntarily, or intelligently. Mot. at 6; Memo. at 23. A criminal defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. <u>DeVille v. Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994). A prisoner claiming that a guilty plea was not voluntary "ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). Further, such prisoner must produce independent and reliable evidence that corroborates his assertions. <u>Id.</u>

Movant contends that, based on his discussions with Burns,

he believed he would only face a sentence of up to 87 months, and did not know about his "greater sentencing exposure." Memo. at 25. However, the record clearly reflects otherwise. Movant signed a plea agreement and pleaded guilty pursuant to such agreement, which specifically provided that movant could be sentenced to a term of twenty years imprisonment, plus supervised release and certain fines and other costs. Plea Agreement, at 2. Movant also signed the factual resume, which provided the same information. Not only did he sign, and stated he read, both documents, he was further admonished by the court at his rearraignment. It was explicitly stated at movant's rearraignment that the court could depart from the guidelines; could consider facts from the factual resume and from other sources in determining an appropriate sentence; would rely heavily on the information contained in the presentence report; could impose a sentence of up to 20 years imprisonment (specifically stated twice at rearraignment); and that the actual sentence imposed "is solely in the discretion of the court." Rearraignment Tr. at 11, 26, 29, 30. It was further explained that no one could predict with certainty what his sentence might be, and he would not be permitted to withdraw his guilty plea if he received a sentence that was longer than he expected. Id. at

30. Movant testified under oath that he understood the explanation, and chose to plead guilty. Such admonishments and testimony demonstrate that movant had all relevant information, knew the potential consequences of a guilty plea, and could not reasonably rely on any guidelines that may have been discussed between movant and Burns.

### 3. Third Ground for Relief

In his third ground, movant appears to contend that Burns' performance in plea negotiations was deficient, citing Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012). He includes many of the same contentions from his second ground, mainly that Burns did not properly discuss with movant the potential consequences of pleading guilty, including the possibility of how an upward departure on the basis of criminal history would affect his guideline range after a guilty plea. Memo. at 31. Movant attempts to claim that he "was not informed of the maximum possible sentence and the court's ability to sentence within that range prior to his plea of guilty." Memo. at 32 (emphasis in original) (internal quotations omitted). However, the record reflects that defendant was advised of the potential maximum sentence no fewer than four times before he pleaded guilty. See Plea Agreement, Factual Resume,

Rearraignment Tr. He then claims that, had Burns advised him of the "true penalty" he faced, he "would have opted for trial w[h]ere there was a reasonable probability that he would have received a lower sentence, the same sentence, or an outright acquittal on the charges." Memo. at 29. As stated above, he had multiple opportunities to hear explanations about his potential sentence and the sentencing process, and at each opportunity, he stated that he understood the consequences. Further, as the government correctly points out, movant's self-serving assertion that, but for Burns' errors, he would have gone to trial, is insufficient to overcome the burden established by his own testimony in court.[1]

IV.

ORDER

Therefore,

The court ORDERS that the motion of Felton Wilson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

---

[1] Movant attempts to argue in his traverse that the government failed to respond to his third ground; however, the government's response indicates that it considered and responded to movant's third ground along with movant's second ground, given the similarities. Resp. at 11-15.

11

Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 15, 2012.

_____
JOHN McBRYDE
United States District Judge